UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **MORLYNE YOUNG,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     vs. | ) Case No. 4:11cv1199 TCM |
| | ) |
| **AMERICAN SERVICING CO. and** | ) |
| **LVNV FUNDING LLC,** | ) |
| | ) |
|     **Defendants.** | ) |

**MEMORANDUM AND ORDER**

This action is before the Court[1] on the motion of plaintiff, Morlyne Young, to remand his case to the St. Louis County Circuit Court from which it was removed, on two motions by defendant America's Servicing Company[2] (ASC) to dismiss, and on a motion by defendant LVNV Funding LLC (LVNV) to strike Plaintiff's second amended complaint.

Plaintiff initiated this action in state court with a pro se complaint including four counts against ASC and six counts against LVNV. These counts alleged either violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 et seq., or of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681-1681x. Title 28 U.S.C. § 1441(b) provides for the removal to federal court of "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under . . . the laws of the United

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

[2]Plaintiff improperly designates this defendant as American Servicing Company. Exhibits attached to his various complaints and pleadings filed by this defendant refer to it as "America's Servicing Company." This is how the Court will refer to this defendant.

States . . . without regard to the citizenship or residence of the parties."  Title 28 U.S.C. § 1331 provides that the district courts "shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States."  Plaintiff alleges violations by ASC and LVNV of the FDCPA and FCRA, both laws of the United States.  Thus, the federal courts have original jurisdiction of the action, and it can be removed.[3]  See e.g. **Quinn v. Ocwen Fed. Bank FSB**, 470 F.3d 1240, 1244 (8th Cir. 2006) (discussing FDCPA case removed from state court under federal question jurisdiction).

Additionally, ASC was served on June 21, 2011, and removed the case on July 7, 2011.  Title 28 U.S.C. § 1446(b) provides for a thirty-day period after service of the complaint for removal of a civil action.  On July 29, LVNV consented to the removal.  Plaintiff alleges that LVNV was served on June 30, 2011.  Although this statement is not supported by any evidence, it nevertheless would support rather than defeat the timeliness of the removal.

As noted above, the seminal complaint includes counts against ASC and LVNV for violations of both the FDCPA and FCRA.  In his first amended complaint, Plaintiff alleges only violations by ASC of the FCRA.  In the memorandum accompanying his proffered second amended complaint, Plaintiff only refers to the "Fair debt Collection and Practice Act," but attaches a complaint alleging violations by the LVNV of both the FCRA and the

---

[3]Citing 15 U.S.C. § 1681p, Plaintiff states that he should be able to file his case in state court.  That section provides that an action to enforce any liability under the FCRA "may be brought in any appropriate United States district court, *without regard to the amount in controversy*, or in any other court of competent jurisdiction . . . ."  (Emphasis added.)  Regardless of whether Plaintiff could file his case in state court, ASC could clearly remove it to federal court.  Moreover, contrary to Plaintiff's argument, his suit can be removed to federal court regardless of the amount in controversy.

FDCPA. (See e.g. 2nd Am. Compl. ¶ 3, ECF 27-1.) Although naming only LVNV in each of the six counts – the same six as included in his seminal complaint – Plaintiff then prays for judgment against both ASC and LVNV.

Plaintiff's pro se status does not excuse him from complying with the Federal Rules of Civil Procedure. See **Soliman v. Johanns**, 412 F.3d 920, 922 (8th Cir. 2005); **Ackra Direct Mktg. Corp. v. Fingerhut Corp.**, 86 F.3d 852, 856 (8th Cir. 1996). Those rules require, among other things, that a plaintiff obtain leave of court or the consent of the opposing parties to file an amended complaint when more than twenty-one days have passed after service of responsive pleadings. Fed.R.Civ.P. 15(a)(2). Although such leave is to be freely given "when justice so requires," it must first be requested. See id. LVNV's motion to strike the second amended complaint will be granted.

The Federal Rules of Civil Procedure also require that the complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed.R.Civ.P. 8(a)(2). Because Plaintiff is proceeding pro se, his complaint is to be liberally construed. See **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972) (per curiam). Even liberally construed, however, Plaintiff's first amended complaint fails to comply with Rule 8(a)(2). He refers only to the FDCPA, but includes statutory citations to both the FDCPA and the FCRA. He includes allegations of wrongdoing against only LVNV, but asks for judgment against both LVNV and ASC. He does not, therefore, "clearly identif[y] how each defendant was involved in the conduct about which he complains, which is all the federal rules require." **Jones v. Pollard-Buckingham**, 348 F.3d 1072, 1073 (8th Cir. 2003).

Plaintiff will be provided one final opportunity to file an amended complaint clearly stating his allegations and clearly identifying which defendant he seeks to hold liable for what conduct. Plaintiff is expressly cautioned that, absent extraordinary circumstances, this is the last time leave shall be granted him to file another amended complaint.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand is **DENIED**. [Doc. 9]

**IT IS FURTHER ORDERED** that America's Servicing Company's motions to dismiss are **DENIED** without prejudice. [Docs. 6, 19]

**IT IS FURTHER ORDERED** that the motion to strike Plaintiff's second amended complaint is **GRANTED**. [Doc. 29]

**IT IS FINALLY ORDERED** that Plaintiff is GRANTED up to and including **November 28, 2011**, to file a second amended complaint as set forth above. Defendants are GRANTED thirty days after the second amended complaint is filed to file a responsive pleading.

/s/Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  27th  day of October, 2011.